**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| |
|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   vs.<br><br>OTAGUS DEMOND COVERSON,<br><br>          Defendant. |

Case No. 3:09-cr-00075-TMB

## ORDER REGARDING SECTION 2255 PROCEEDINGS

On November 12, 2014, Otagus Demond Coverson, a self-represented federal prisoner, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.[1]

Under Rules 4, 5 and 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, **IT IS HEREBY ORDERED:**

1.    This matter will not be referred to a Magistrate Judge under Local Magistrate Rule 4(4). Instead this case will remain assigned to the District Judge.

2.    Coverson's Motion for Appointment of Counsel, at Docket 418, is provisionally GRANTED. The Federal Public Defender for the District of

---

[1] Docket 417; *see* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

Alaska shall ensure that Coverson is eligible for appointed counsel and, if so, shall designate counsel from the CJA Panel or the Federal Public Defender's office to represent Coverson in these proceedings. Once designated, appointed counsel will immediately file a notice of appearance. If Coverson is not eligible for appointed counsel, the FPD's office shall immediately inform the Court.[2]

3.    The Motion at Docket 416 is DENIED without prejudice; such a motion may be renewed by counsel, if necessary.

4.    Counsel for Coverson shall review the record, confer with him, and file an amended § 2255 motion on or before **January 30, 2015**.

5.    The United States Attorney shall file a response within sixty days from the date of service of the amended motion filed by appointed counsel. The response will address the allegations of the motion, and in addition, state whether Coverson has used any other available federal remedies, including any prior post-conviction motions under these rules, to address the issues presented.[3] The United States Attorney must also supplement

---

[2] Coverson submitted a copy of his inmate statement rather than completing the CJA affidavit. Docket 418-1. Coverson asserts that he "often take[s] Medication that hinders [him] from preforming simple everyday functions. The pain Medication that [he] sometimes take for [his] injuries creates a[n] impediment that prevents [him] from functioning normally because of the side-effects that the Medication creates, i.e. dizziness, blurred vision, incoherent movement of my limbs, etc..." Docket 418 at 2.

[3]  *See* Rule 5, Rules Governing Section 2255 Proceedings.

the response with appropriate copies of transcripts, affidavits and a memorandum of points and authorities material to the issues raised.

6.  Counsel for Coverson may file a reply to the response within twenty-one days of service of the Government's response.

7.  Unless otherwise ordered by the Court, merit briefing shall proceed in accordance with Local Habeas Corpus Rule 8.2.

8.  This Court may hold an evidentiary hearing on its own motion, or on the motion of a party.  Either party may make a motion for an evidentiary hearing within thirty days after the date the United States Attorney files a response.  A motion for an evidentiary hearing must contain a clear and concise statement of the necessity of the hearing, including why the evidence in the record is not sufficient.[4]

9.  No party shall have any direct or *ex parte* communication with a District Court Judge or Magistrate Judge of this Court about the merits of this action.  All communication with the Court on behalf of Coverson in this matter must be made through filings by his lawyer.

Dated at Anchorage, Alaska this 16th day of December, 2014.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[4] *See* D. Ak. HCR 8.1.